1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   IDOWA OLUKOYA,

11           Petitioner,                        No. CIV S-05-0495 FCD  PAN (GGH) PS

12        vs.

13   IMMIGRATION AND
     NATURALIZATION SERVICE,             FINDINGS AND RECOMMENDATIONS
14
           Respondent.
15   _____/

16           Petitioner, a federal prisoner proceeding in pro se, seeks adjudication of his

17   naturalization petition pursuant to 8 U.S.C. § 1447(b).  Respondent is the Citizenship and

18   Immigration Services division of the U.S. Department of Homeland Security (CIS) (formerly the

19   Immigration and Naturalization Service).

20           This action was referred to this court pursuant to E.D. Cal. L.R. 72-302(c)(21),

21   and this matter submitted for decision on the papers pursuant to E. D. Cal. L. R. 78-230(h).

22   BACKGROUND

23           Petitioner was born in Nigeria on September 28, 1970.  He obtained a U.S.

24   Immigrant Visa in March 1997.  He worked four years as a shipping clerk for United Stationers

25   Supply Company and in September 2001 commenced work as a "tax program technician" for the

26   Franchise Tax Board.

                                              1

1          On March 20, 2002, petitioner completed an application for naturalization, which

2    he filed on April 18, 2002, pursuant to 8 U.S.C. § 1445.  Petitioner states he appeared for an

3    initial interview in December 2002, was told a second interview would be necessary upon receipt

4    of his entire file, but was never recontacted by respondent.

5          On March 11, 2005, more than two years later, petitioner filed this action pursuant

6    to 8 U.S.C. § 1447(b) ("If there is a failure to make a determination . . . before the end of the

7    120-day period after the date on which the examination is conducted . . . the applicant may apply

8    to the . . . district court for a hearing on the matter.")

9          Meanwhile, on October 7, 2004, petitioner entered a plea of guilty in this court

10   (Civ.S-03-CR-098 DFL) to conspiracy to commit bank fraud in violation of 18 U.S.C. § 371,

11   money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and access device fraud in

12   violation of 18 U.S.C. § 1029(a)(2).  Petitioner was sentenced to 37 months imprisonment and 36

13   months supervised release or deportation; he was ordered to surrender to a deportation hearing

14   upon his release from incarceration.  Petitioner was incarcerated initially at the Federal

15   Correctional Institute in Lompoc, and is now at the Santa Clara County Jail.

16         On April 6, 2005, respondent served upon petitioner a Notice to Appear for the

17   commencement of removal proceedings pursuant to Immigration and Naturalization Act ("INA")

18   § 237(a)(2)(A)(iii), 8 U.S.C.  1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony.

19   On October 24, 2005, respondent served upon petitioner a warrant for his arrest as an alien in

20   violation of this country's immigration laws.  The charges filed April 2005 appear to have been

21   sustained by an immigration judge on November 16, 2005, who also found petitioner subject to

22   removal pursuant to INA § 237(a)(2)(A)(i), 8 U.S.C.  1227(a)(2)(A)(i), as an alien convicted of a

23   qualifying crime involving moral turpitude.

24         On June 24, 2005, respondent moved to dismiss this action as moot based on

25   respondent's June 15, 2005 denial of petitioner's naturalization application on the ground of

26   ineligibility due to deportation proceedings, citing INA § 318 (8 U.S.C. § 1429) ( "no person

1    shall be naturalized against whom there is outstanding a final finding of deportability pursuant to

2    a warrant of arrest issued under the provisions of this chapter or any other Act; and no

3    application for naturalization shall be considered by the Attorney General if there is pending

4    against the applicant a removal proceeding pursuant to a warrant of arrest issued under the

5    provisions of this chapter or any other Act. . .")

6              On December 21, 2005, the Honorable Frank C. Damrell, Jr., denied respondent's

7    motion to dismiss, expressly limiting his consideration to respondent's argument this action was

8    rendered "moot" by respondent's denial of petitioner's application.  Judge Damrell held that the

9    filing of this action following respondent's failure to act on petitioner's application within 120

10   days stripped respondent's authority to act on the application and accorded exclusive jurisdiction

11   to this court to "determine the matter or remand the matter, with appropriate instructions, to the

12   Service to determine the matter," 8 U.S.C. § 1447(b).  Accord, U.S. v. Hovsepian, 359 F.3d

13   1144, 1159-1164 (9th Cir.  2004).

14             Respondent has now filed a response to petitioner's request for adjudication and

15   seeks denial of the request on the ground that petitioner is unable to demonstrate statutory

16   eligibility for naturalization or, alternatively, for remand.  Both parties have filed additional

17   briefing, including a request by petitioner filed April 25, 2006, for a favorable decision on the

18   merits of his naturalization petition or an injunction halting respondent's removal proceedings.

19   Petitioner also asserts he should not be barred from naturalization because his convictions post-

20   dated the filing of his application.

21             The threshold and decisive issue is whether this court should address the merits of

22   petitioner's naturalization application or remand the matter for a final determination by

23   respondent pursuant to 8 U.S.C. § 1447(b).  While the evidence submitted by respondent

24   indicates petitioner is statutorily barred from naturalization, such determination by this court

25   would not only require a hearing but be unnecessarily peremptory, particularly since petitioner

26   remains incarcerated.  Respondent can issue forthwith a final administrative decision on

1   petitioner's naturalization application, thus generating a complete administrative record upon

2   which petitioner may timely seek judicial review.  See 8 U.S.C. § 1421(c); see also, 8 U.S.C. §

3   1252 (judicial review of final administrative deportation decision).

4         Accordingly, it is hereby RECOMMENDED that petitioner's March 11, 2005

5   Request for Adjudication be denied, and the matter REMANDED pursuant to 8 U.S.C. § 1447(b)

6   for a final administrative determination of petitioner's naturalization application within thirty

7   (30) days of service of the district judge's order; petitioner's April 25, 2006 request for a judicial

8   decision or injunctive relief should be DENIED.

9         These findings and recommendations are submitted to the Honorable Frank C.

10  Damrell, Jr., the United States District Judge assigned to this case.  28 U.S.C. § 636(b)(l).

11  Written objections may be filed within ten days after being served with these findings and

12  recommendations.  The document should be captioned "Objections to Magistrate Judge's

13  Findings and Recommendations."  The failure to file objections within the specified time may

14  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

15  1991).

16  DATED:   6/21/06                                          /s/ Gregory G. Hollows
                                                                      GREGORY G. HOLLOWS
17                                                                    U. S. MAGISTRATE JUDGE

18  NOW6: OLUKOYA

19

20

21

22

23

24

25

26